# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3981 | **DATE** | 9/24/2004 |
| **CASE TITLE** | Gregory Panko vs. Pellettieri & Associates, P.C., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss [4-1] is denied. Status hearing set for 10/7/04 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 27 2004 | |
| | Notified counsel by telephone. | date docketed | 13 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORY PANKO, )
)
   Plaintiff, )
)
v. ) Case No. 04 C 3981
)
PELLETTIERI & ASSOCIATES, P.C., ) Hon. Mark Filip
CARL PELLETTIERI, JR., and RONALD )
HENNINGS, )
)
   Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gregory Panko ("Plaintiff") is suing Defendants, Pellettieri & Associates, P.C., Carl Pellettieri, Jr., and Ronald Hennings ("Defendants") alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"). (D.E. 1.)[1] This case is before the Court on Defendants' Motion to Dismiss. (D.E. 4.) Defendants argue that Plaintiff filed his complaint after the statute of limitations had lapsed. (*Id.* at 2.) As explained further below, Defendants' Motion to Dismiss is denied.

## LEGAL STANDARD

In ruling on a motion to dismiss, the Court accepts all well-pleaded facts alleged in the complaint as true and draws all reasonable inferences from those facts in favor of Plaintiff. *See, e.g., McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

---

[1]    The various docket entries in this case are cited as "D.E. __."

1

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, e.g., Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

## DISCUSSION

Plaintiff alleges that Defendants sent him an initial communication regarding collection of the alleged debt in a letter dated June 5, 2003. (D.E. 1 ¶ 8.) Plaintiff further alleges that the letter failed to contain notices required by 15 U.S.C. § 1692g(3)-(5), and that Defendant did not provide such information within five days after the letter was sent. (*Id.*) The pertinent section of the FDCPA, 15 U.S.C. § 1692g, states that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication[,] . . . send the consumer a written notice containing" various information allegedly not provided by Defendants, the specifics of which are not germane for present purposes. The statute of limitations for a § 1692g claim is "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

Defendants argue that any § 1692g violation occurred on June 5, 2003, the date of the initial communication. (D.E. 4 at 2.) Consequently, Defendants contend, Plaintiff's action, filed on June 10, 2004, is untimely. (*Id.*) Defendants direct the Court to three cases supporting the proposition that the statute of limitations is triggered on the date a letter forming the basis of an alleged FDCPA violation is sent. (*Id.*) However, two of three cases cited address the statute of limitations as it expressly relates to § 1692e, and not § 1692g, of the FDCPA. *See Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259, 260 (8th Cir. 1992); *Friedman v. Anvan Corp.*, No. 97 C 2364, 1998 WL 559779, at *2 (N.D. Ill. Aug. 28, 1998) (Castillo, J.). The third case offered, *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ariz. 1999), does not specify which

2

section of § 1692 was at issue, but it seems clear that it was not alleging a § 1692g claim and appears to be alleging a violation of § 1692e(5) or e(10). *See id.* at 851 (alleging a violation of FDCPA by attempting to collect time-barred debt); *see also Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) (discussing such claim in context of alleged § 1692e(5) violation). There is a material difference between cases alleging violations of § 1692e of the FDCPA, on the one hand, and cases alleging violations of § 1692g of the FDCPA, on the other. Section 1692e of the FDCPA concerns false or misleading representations made in connection with an attempt to collect a debt. *See* 15 U.S.C. § 1692e. Hence, the cases cited by Defendants reason that a violation of § 1692e occurs at the time a false, misleading, or deceptive letter is sent because the conduct necessary for the alleged violation is complete at the time of the mailing, and the author may no longer comply with the FDCPA at that point because the communication has been mailed. *See Mattson*, 967 F.2d at 261; *Friedman*, 1998 WL 559779, at *2-3; *Brink*, 57 F. Supp. 2d at 852.

In contrast, § 1692g is a statute directed to ensuring that certain disclosures are made in connection with attempts to collect a debt. While a debt collection attempt can be made with the requisite disclosures "in the initial communication to the consumer," the debt collector also has an additional grace period and can satisfy its disclosure obligations so long as it makes the disclosures in a written notice sent "[w]ithin five days of the initial communication." 15 U.S.C. § 1629g(a). As a result, an alleged § 1692g violation would not ripen until the passage of five full days after the initial (and allegedly inadequate) communication was made. Or, to put things in more concrete terms, if an allegedly inadequate initial communication were mailed on June 5, 2004, then the debt collector would have until midnight on June 10, 2004, before the alleged §

3

1692g violation would come into existence.[2] Thus, the § 1692g violation could not be the basis of any suit until June 11, 2004, and, under any conception of the passage of a one-year statute of limitations, the putative plaintiff would have until at least June 10, 2005, to file suit. This interpretation of when a § 1692g violation comes into existence is consistent with what little law the Court has been able to locate that is directly on point—*see Drumright v. Collection Recovery, Inc.*, 500 F. Supp. 1, 1-2 (M.D. Tenn. 1980); *Russell v. Bowman, Heintz, Boscia & Vician, P.C.*, 744 N.E.2d 467, 473 (Ind. Ct. App. 2001)—and it also comports with the way people normally speak when using the term "within" a period of days. If someone promises to get back with you "within a day," one would not understand that statement to mean that the other individual would be contacting you "by the end of today."

The Court finds that a violation of § 1692g occurs at the expiration of the five day period debt collectors are given to comply with the § 1692g notice requirements. Plaintiff alleges, and Defendants do not dispute, that the initial letter was dated June 5, 2003. (D.E. 1 ¶ 8.) Therefore, assuming the letter was sent (as opposed to merely being dated) on June 5, 2003, Defendants would have had through June 10, 2003, to provide Plaintiff with the required notices without violating § 1692g. Plaintiff's cause of action under § 1692g would not ripen until the expiration

---

[2] Neither party suggests that calculation of time for statute of limitations purposes should be computed in any increments other than "days" as opposed to "business days" or "twenty four hour blocks." Using "day" increments is the only approach that would seem to make sense: there would be intractable proof problems trying to estimate when in the day some allegedly offending oral communication was made or letter was sent, and in at least some parts of the country, post offices sometimes are open until late in the evening (and even, in some instances, to midnight) to allow for mailing of materials. Many businesses also use their own mail cancelling machines, at least some of which cancel mail by date through midnight regardless of when the "business day" might end.

of the five days, or June 11, 2003.[3] Thus, even without the benefit of Federal Rule of Civil Procedure 6(a) ("Rule 6(a)"), Plaintiff could file suit through June 10, 2004. Plaintiff filed this suit on June 10, 2004, and the Court finds that the suit was timely within the statute of limitations. Accordingly, Defendants' Motion to Dismiss is denied.

Under the Court's reading of § 1692g, there is no need to see if more time might be available to Plaintiff under Rule 6(a), which deals with the computation of time. There are many at-least-colorable arguments suggested by the Court's review of the caselaw by which the *pro se* Plaintiff might be said to be entitled to one or perhaps even two additional days under the limitations period as a result of Rule 6(a). The Court need not canvass or speculate on the validity of these potential arguments, but the Court does note that its result in this case is consistent with caselaw from several jurisdictions that apply Rule 6(a) to the FDCPA statute of limitations, § 1692k(d), and to the similarly worded statute of limitations in the Truth in Lending Act ("TILA").[4] For example, in *Clark v. Bonded Adjustment Co., Inc.*, 176 F. Supp. 2d 1062, 1068 (E.D. Wash. 2001), the court held that Rule 6(a) applied to the FDCPA. The *Clark* court reasoned, after collecting caselaw, that the majority view favored applying Rule 6(a) to federal statutes of limitations due to the language in the Rule itself—that Rule 6(a) applies to "any applicable statute"—and the Supreme Court's recognition that Rule 6(a) should be generously

---

[3] In fact, Plaintiff does not clearly claim that the letter was sent on June 5, 2003, only that the letter was dated June 5, 2003, which is a factual issue that itself likely would preclude dismissal–*i.e.*, if the letter was sent on June 6 or June 7, then all of Defendants' arguments might be rendered irrelevant as a matter of fact. The Court need not resolve this issue, given the other problems with Defendants' theory.

[4] The statute of limitations in TILA reads: "[a]ny action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

5

applied. *See id.* at 1065 (citing, *inter alia*, *Union Nat'l Bank of Wichita v. Lamb*, 337 U.S. 38, 41 (1949)).[5] Additionally, the court concluded that § 1692k(d) was non-jurisdictional because the word "jurisdiction," which appears as a subheading in the United States Code, was not contained in the FDCPA as actually enacted and printed in the Statutes at Large, and because the time limit language in § 1692k(d) as enacted does not refer to the jurisdiction of federal courts in any way. *See id.* at 1067-68 ("The Supreme Court has stated that . . . the Code cannot prevail over the Statutes at Large when the two are inconsistent") (internal quotation marks and citation omitted).[6] And *Clark* also found that its conclusion that Rule 6(a) should be applied was consistent with available legislative history. *See id.* (explaining that the only published committee report on § 1692k(d) states: "'[j]urisdiction for actions in . . . U.S. district courts; there is a 1 year statute of limitations.'").

Several other courts have joined in applying Rule 6(a) to the FDCPA and the comparable TILA statute of limitations. *See, e.g., Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (applying Rule 6(a) to mailing date under FDCPA); *Hooper v. Capital Credit & Collection Servs.*, No. Civ. 03-793-JE, 2004 WL 825616, at *2 (D. Or. Jan. 16, 2004) (applying Rule 6(a) to the FDCPA); *Krajci v. Provident Consumer Disc. Co.*, 525 F. Supp. 145, 150 (E.D. Pa. 1981) (applying Rule 6(a) in TILA context); *McMillon v. Budget Plan of Va.*, 510 F. Supp. 17, 19 (E.D. Va. 1980) (concluding that even if the TILA statute of limitations is regarded as a condition of

---

[5] *Clark* also cited *Bletz v. Quaker Oats Co.*, No. 94 C 767, 1994 WL 163899, *2 (N.D. Ill. Apr. 29, 1994) (Nordberg, J.), which in turn cited *Pearson v. Furnco Construction Co.*, 563 F.2d 815, 819 (7th Cir. 1977), a Title VII limitations case.

[6] This issue is relevant because if Congress intended § 1692k(d) to be a jurisdictional limitation, then one might argue that Federal Rule of Civil Procedure 82 precluded application of Rule 6(a).

liability, Rule 6(a) should apply for the sake of uniformity).

The approach taken by the Tenth Circuit also is consistent with the Court's result. The Tenth Circuit reads the language of § 1692k(d) itself, "within one year," as excluding the date of the violation in the calculation of the statute of limitations. *See Johnson v. Riddle*, 305 F.3d 1107, 1115 (10th Cir. 2002). Thus, the Tenth Circuit reaches the same result as jurisdictions that apply Rule 6(a) to § 1692k(d). *See id.*

The Tenth Circuit's analysis in *Johnson* also is instructive because *Johnson* looked at a case cited by Defendants, *Mattson v. U.S. West Communications, Inc.*, 967 F.2d 259 (8th Cir. 1992), which held, among other things, that the date of the mailing in a § 1692e case should be included in the limitations period. As *Johnson* explained, every circuit weighing in on the FDCPA statute of limitations since *Mattson* has rejected its position on this issue. *See id.* (collecting cases). Furthermore, *Mattson* relied on a single case, *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980), for its conclusion, and, as *Johnson* explained, *Rust* "has since been overruled [by the Sixth Circuit]--on precisely [that] point." *Id.* (citing *Bartlik v. Dept. of Labor*, 62 F.3d 163, 166 (6th Cir. 1993)).[7]

Defendants also cite *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995), but that case does not direct a different result here. First, *Maloy* was a § 1692e case, and its conclusion that a § 1692e violation occurs on the date of mailing, *id.* at 608, is not the question at issue. Second,

---

[7] Defendants argue that dismissal of the case is consistent with *Friedman v. Anvan Corp.*, No. 97 C 2364, 1998 WL 559779 (N.D. Ill. Aug. 28, 1998). (D.E. 6 at 2.) *Friedman* followed *Mattson* as to an issue that is not at issue in this case—namely, whether the statute of limitations for a § 1692e violation runs on the date that an allegedly offending letter is mailed as opposed to the date that such letter is allegedly received. *See id.* at *2. Because of its ruling on that issue, *Friedman* was not required to "resolve whether Rule 6(a) applies" to FDCPA statute of limitations questions. *Id.* at *3.

7

*Maloy* applied Rule 6(a) to its statute of limitations analysis of the plaintiff's § 1692e(11) claim (expressly rejecting Defendant's other principal case, *Mattson, see id.* at 608), and if Rule 6(a) is applicable here, then Plaintiff avoids dismissal in any event. Third, to the extent *Maloy* briefly spoke in dicta to the accrual of a § 1692g violation, it appears that the opinion is consistent with this Court's holding today. *See id.* at 608-09 ("If the initial collection letter did not provide this information [the disclosures], Phillips [the defendant] would have until five days after the initial communication to comply with the requirements of § 1692g . . . .").[8] However, because of the dates of the alleged infractions in *Maloy*, and the filing of the lawsuit in that case, it was not particularly important how the statute of limitations was computed for the § 1692g count (because it was clearly timely via the five-day grace period for the FDCPA defendant to make its disclosures). That is why *Maloy* remanded to the district court for it to proceed on the merits. *Id.* at 609.

For all of these reasons, the Court finds that Plaintiff's FDCPA claim was timely filed. The Court's conclusion is consistent with the weight of precedent, the text of § 1692g, and what little legislative history appears to be available.

---

[8] In his response to the motion to dismiss, the *pro se* Plaintiff arguably contends that the § 1692g violation occurred on June 10, 2004—*see* Plaintiff's Response at 2 (citing D.E. 1 ¶ 8)—although Plaintiff's position is not clearly stated in his filing. Because this is a motion to dismiss, and because Plaintiff is *pro se,* the Court resolves this ambiguity in Plaintiff's favor. *See also McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001) (instructing that a court does not have to accept legal conclusions asserted in a complaint as true).

## CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss is denied.

So Ordered.

*[signature]*
Mark Filip
United States District Judge
Northern District of Illinois

Dated: **9-24-04**